IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WOODLIN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-04-2559 |
| ROBERT KUPEC, *et al.* | : | |
| Defendants | : | |

. . . . .o0o. . . . .

### MEMORANDUM OPINION

Pending in the above-captioned case is Defendants' Motion to Dismiss or for Summary Judgment.[1]  Paper No. 14.  Plaintiff has filed an opposition to the motion as well as a Motion for Appointment of Counsel.  Papers No. 25 and 26.  Upon review of the papers filed, the undersigned finds that a hearing in this case is unnecessary.  See Local Rule 105.6 (D. Md. 2004).  For the reasons set forth below, the Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff alleges that on May 6, 2004, he was called to Chaplain Olivia Davis's office on the false pretext that one of his family members had died.  Paper No. 1 at p. 5.  Upon his arrival to Davis's office, Plaintiff claims: Davis accused him of being gay; Davis expressed her hatred for homosexuals; and Davis told him he was being removed from the choir because of his sexual preference.  Id.  Plaintiff asserts he had been in the choir for one year and had not been charged with an institutional infraction or otherwise reported for inappropriate behavior at the time he was

---

[1] The Complaint, filed on August 5, 2004, was voluntarily dismissed by Plaintiff on February 23, 2005, after Defendants filed a Motion to Dismiss or for Summary Judgment.  Paper No. 18.  Plaintiff filed a Motion to Reopen on May 23, 2006.  Paper No. 21.  Without objection, the case was reopened and Plaintiff was granted 30 days to oppose the dispositive motion.  Paper No. 22.

removed from the choir. Id. Plaintiff further claims that his requests to have his allegations against Davis investigated were not honored and he was harassed for complaining. Id. at p. 6. As a result of the alleged discrimination, Plaintiff claims he suffered psychological trauma and became unable to practice his religion. Id. at p. 5.

Defendants assert that the non-denominational Christian service available at Eastern Correctional Institution (ECI) consists of approximately 160 inmates who meet once a week. Paper No. 14 at Ex. 1, p. 1. The congregation is open to all inmates regardless of sexual preference, and includes a choir of approximately 15 inmates. Id. at pp. 1–2. Membership in the church choir is determined by Davis and the choir director based upon singing ability, spiritual maturity and overall behavior. Id. at p. 2. Davis asserts that when Plaintiff was selected for the choir, she was aware that he is homosexual. Id. She further claims that during Plaintiff's tenure in the choir he was disruptive and would engage in verbal confrontations with other choir members concerning his sexual preference. Id. Davis alleges that Plaintiff's disruptions were damaging the choir because practices were disrupted and morale of the group and its performance were adversely effected. Id. She states that Plaintiff was removed from the choir for his disruptive behavior, not because he was a homosexual. Id. Davis also denies ever telling Plaintiff that a member of his family had died. Id.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987); Morrison v. Nissan Motor Co., 601 F.2d 139, 141 (4th Cir. 1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. See Anderson, 477 U.S. at 256.

In Celotex, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Celotex, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact

3

issue.'"  Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

## Analysis

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U. S. 432, 439 (1985) (citation omitted).  To state an equal protection claim, Plaintiff must first demonstrate he has been treated differently from other similarly-situated inmates.  Once disparate treatment is established, the disparate treatment is examined under the appropriate level of scrutiny to determine if it is justified.  See Morrison v. Garraghaty, 239 F.3d 648, 654 (4th Cir.2001).  Sexual preference is not a suspect classification and disparate treatment based on sexual preference can be sustained upon a showing that there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.  See Veney v. Wyche, 293 F. 3d 726, 731 (4th Cir. 2002) (prison housing assignments based on inmates' sexual preferences survives equal protection scrutiny).

In the instant case, Defendants' have provided a legitimate, non-discriminatory basis for Plaintiff's removal from the choir.  Paper No. 14 at Ex. 1.  Plaintiff takes issue with the fact that the decision to remove him from the choir was not based upon a formal institutional infraction or other written report stating that he had engaged in inappropriate behavior.  Paper No. 26.  Defendants are not required, however, to support inmate program assignments with detailed reports of behavior. There is no constitutional requirement that security decisions made by prison officials must be based

4

on investigations or written reports. The expertise of prison officials must be given due deference and it is not the province of this court to require officials to meet some evidentiary standard prior to making a decision to remove an inmate from program participation. See Sandin v. Conner, 515 U.S. 472, 482 (1995). Moreover, Plaintiff has no legitimate expectation that he will be entitled to participate as a member of the prison choir.[2] Plaintiff's removal from the choir does not represent "an atypical or significant hardship in relation to the ordinary incidents of prison life." Id. at 484.

### Conclusion

Having found that Plaintiff's removal from the prison choir was supported by a legitimate security concern and that his removal did not impinge upon a constitutionally guaranteed right, the undersigned finds that Defendants are entitled to summary judgment on all claims raised. Accordingly, by separate Order which follows, Defendants' Motion for Summary Judgment shall be granted.

Date: 10/11/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[2] There is no allegation in this case that Plaintiff has been prevented from attending church services or otherwise practicing his religion.